ARMSTRONG, Judge.
The defendant, Jefferson Elder, was charged with and convicted of a violation of La.R.S. 40:967, relative to the offense of possession of a controlled substance, to-wit: pentazocine. He was sentenced to four years at hard labor with credit for time served. The defendant was subsequently adjudicated a second offender under the multiple bill statute, but the judge did not alter his previously imposed sentence.
The record reflects that on April 9, 1985, New Orleans Police Officer Pedro Marino, accompanied by several other officers, set up surveillance of the area outside the Green Door Lounge, located on Law Street, based upon information received from a confidential informant that drug transactions were occurring there. Officer Mari-no, from his vantage point in an unmarked police car across a vacant lot from the lounge, observed the defendant exit the lounge and make hand signals to the driver of a passing car. The driver then pulled his car over, approached the defendant and gave him money. The defendant thereafter went back inside the lounge, returned and gave the driver a small object. Officer Marino radioed the other officers regarding what had occurred, giving them a description of the driver of the car and the direction in which the car headed after the purported drug transaction. Marino then resumed his surveillance of the defendant. He saw another car pull up to the defendant, the driver get out and give defendant money. As the defendant went into the lounge, presumably to obtain drugs for the driver, Marino radioed the other officers regarding this second transaction, described the defendant and instructed them to stop him as he exited the bar and started walking toward the car. Based upon Mari-no’s description, Officer Clarke located the defendant and observed that he had something in his right hand. When the defendant saw Clarke, he put his right hand to his neck and dropped the object he was holding down his shirt. Officer Clarke stopped him, pulled his shirttail out of his pants and found the pentazocine and $455.00 in cash.
A review of the record reflects that there are no errors patent.
In his sole assignment of error the defendant contends that insufficient evidence exists to support his conviction of possession of pentazocine. Specifically, the defendant refers to pages 26-28 of the transcript where the expert criminologist identifies the drug found in defendant’s possession as “potassium” instead of “pentazo-cine.” This was obviously an error in translation by the court reporter. The error has now been corrected through a Supplemental Transcript in which the criminologist identifies the drug as pentazocine. Thus, this assignment of error is without merrit.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.